FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2020 APR 27  PM 1:20

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

DONNY POELVOORDE, on his own behalf, and
on behalf of all others similarly situated,

                 **Plaintiff,**

        v.

 UNICITY SOLAR ENERGY, LLC,
SPF CONSTRUCTION AND DEVELOPMENT,
INC., SOUTH EAST PERSONNEL LEASING,
INC.,MATTHEW SELBY, individually and
JORDAN RICHARDSON, individually.

              **Defendants.**

_____/

CASE NO:

8:2020 cv 892 T 33 AAS

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, **DONNY POELVOORDE**, on his own behalf, and on behalf of all others similarly situated, by and through the undersigned attorney, sues the Defendants, **UNICITY SOLAR ENERGY, LLC, SPF CONSTRUCTION AND DEVELOPMENT, INC., SOUTH EAST PERSONNEL LEASING, INC., MATHTHEW SELBY, individually and JORDAN RICHARDSON, individually** (collectively "Defendants") for failing to pay complete overtime wages for every hour worked, pursuant to 29 U.S.C. 216(b) (FLSA).

## PARTIES

1.       Defendant, UNICITY SOLAR ENERGY, LLC., provides solar sales and service with offices in Tarpon Springs Florida, selling and installing solar panels systems throughout Pinellas/ Pasco and Tampa Florida region.

2.       Defendant, SPF CONSTRUCTION AND DEVELOPMENT, INC., is a Construction and Develop Company and is the registered agent for Unicity Solar Energy with



offices in Tarpon Springs Florida, contracting business in Pinellas/ Pasco and Tampa Florida region.

      3.      SOUTH EAST PERSONNEL LEASING, INC., is a payroll leasing company located in Holiday Florida doing business in Pinellas/ Pasco and Tampa Florida region.

      4.      MATHTHEW SELBY, is the Owner and Manager of UNICITY SOLAR ENERGY, LLC and SPF CONSTRUCTION AND DEVELOPMENT, INC.,

      5.      Defendant, JORDAN RICHARDSON, was the manages the daily business of Unicity Solar and created and implemented the employer's policies and practices which violated the FLSA.

      6.      Plaintiff was employed by Defendant's as an "electrician and installer" of solar systems and was never paid for the overtime to which he was lawfully entitled.

      7.      Plaintiff brings this case to address and correct the illegal pay practices conducted by Defendants.

      8.      Defendants violated the FLSA by failing to pay Plaintiff overtime wages based on his regular hourly rate for those hours worked in excess of forty (40) within a work week pursuant to 29 U.S.C. §§ 201-209.

<b><u>JURISDICTION & VENUE</u></b>

      9.      This action is brought under Federal law to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

      10.      This Court has jurisdiction over Plaintiff's claims as they arise under the FLSA.

      11.      This Court has jurisdiction and venue over this complaint as each of Defendants' violations of the FLSA complained of took place in Pinellas/ Pasco County, Florida.

## GENERAL FACTUAL ALLEGATIONS

12.     Plaintiff worked for Defendants as an electrician and installer of solar panels at 220 S. Safford Ave., Tarpon Springs FL 34689.

13.     At all material times during the last three years, Defendants were an enterprise subject to the FLSA's provisions requiring overtime compensation.

14.     At all material times, Plaintiff and others working for Defendants were "employees" of Defendants within the meaning of the FLSA.

15.     At all material times, Defendants were an "employer" within the meaning of the FLSA and Defendants continue to be an "employer" within the meaning of the FLSA.

16.     At all material times, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

17.     Defendants' employees handled goods such as computers, solar panels, tools and machinery which had traveled in interstate commerce.

18.     At all material times during the last three years, Defendants have had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000.00).

19.     Defendant UNICITY SOLAR ENERGY, LLC is a solar panel company that sells and installs solar equipment in the Pinellas/ Pasco and Hillsborough region of Florida.

20.     Plaintiff's job duties included but were not limited to electrical and roof installs of solar panel systems.

21.     By Plaintiff's estimates, he routinely worked 50 hours or more in a work week.

22.      During his employment with Defendants, Plaintiff performed non-exempt job duties. Pursuant to the FLSA, Defendants were required to pay plaintiff overtime pay for those hours worked over 40 in a work week.

23.      At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

24.      During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

25.      Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## FIRST CAUSE OF ACTION
## RECOVERY OF OVERTIME COMPENSATION

26.      Plaintiff reincorporates and readopts all allegations contained within Paragraph 1-25 above.

27.      Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

28.      During his employment with Defendants, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

29.      As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages and is incurring reasonable attorneys' fees and costs.

30.      Defendants were aware Plaintiff performed non-exempt job duties but still refused to pay Plaintiff overtime for hours worked over forty (40).

31.        Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

32.        Defendants failed to post required FLSA informational listings as required by the FLSA.

33.        Defendants' conduct was willful and in reckless disregard of the overtime requirements of the FLSA.

34.        Defendants willfully violated the FLSA.

35.        Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

**SECOND CAUSE OF ACTION**
**COLLECTIVE ACTION, VIOLATION OF THE FLSA**
**(RECOVERY OF OVERTIME COMPENSATION)**

36.        Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25 above.

37.        At all times material, Defendants employed numerous other non-exempt employees who worked as installers / laborers and who worked a substantial number of hours in excess of forty (40) per week.

38.        Throughout their employment, those employees were similarly situated to Plaintiff and were subject to the same unlawful pay practices.

39.        Defendants failed to pay those individuals, who are similarly situated to Plaintiff, one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

40.    Defendants' failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

41.    As a direct and legal consequence of Defendants' unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE,** Plaintiff on behalf of himself and others similarly situated, demands judgment against Defendants for unpaid overtime compensation, an additional and equal amount of liquidated damages or if liquidated damages are not awarded then pre and post-judgment interest at the highest allowable rate, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III
### UNLAWFUL RETALIATION IN VIOLATION OF THE FLSA

42.    Plaintiff reincorporates and readopts all allegations contained within paragraphs 1 through 27 above.

43.    The FLSA applied to Plaintiff's employment with Defendants at all times relevant herein.

44.    Section 215(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), prohibits retaliation against an employee because he "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

45.    Plaintiff's stated opposition to Defendants' direction and mandate that employees work at "piece rate" in order to avoid compliance with the FLSA's overtime requirements, constituted "a complaint" and was protected activity under the FLSA.

46.    As a direct and proximate result of receiving Plaintiff's refusal and stated opposition to Defendants' direction and mandate that employees be paid piece work wages and off the clock in

order to avoid compliance with the FLSA's overtime requirements, Defendants terminated Plaintiff's employment.

47.    Defendants' adverse employment action – termination – taken against Plaintiff constituted a retaliatory action undertaken in direct response to Plaintiff's assertion of workplace rights protected by the FLSA.

48.    As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiff has suffered a loss of earnings and job benefits, and; he has suffered and continues to suffer emotional distress.

49.    Defendants committed the acts herein maliciously, fraudulently, and oppressively with the wrongful intent to injure Plaintiff.  Defendants acted with an improper and evil motive amounting to malice and a conscious disregard for Plaintiff's FLSA rights. The acts taken towards the Plaintiff were carried out by Defendants acting in deliberate, callous and intentional manner with a desire to injure and damage.

**WHEREFORE**, Plaintiff demands judgment against Defendants Pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), Plaintiff is entitled to legal and equitable relief including compensatory and punitive damages, as well as reasonable attorney fees and costs.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.


Dated this __ day of April, 2020.



/s/ *Brianna A. Jordan*
Brianna A. Jordan, Esq.
Fla. Bar No. 1000982
Morgan & Morgan, P.A.
201 North Franklin Street, Suite 700

Tampa, FL 33602
Telephone: 813-223-5505
Fax:  813-393-5457
Email: Bjordan@forthepeople.com
*Attorney for Plaintiff*