UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNY POELVOORDE,

    Plaintiffs,

v.   Case No. 8:20-cv-892-T-33AAS

UNICITY SOLAR ENERGY, LLC,
SPF CONSTRUCTION AND
DEVELOPMENT, INC.,
SOUTH EAST PERSONNEL
LEASING, INC.,
MATTHEW SELBY, and
JORDAN RICHARDSON,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of the Unopposed Motion to Compel Arbitration and Dismiss Count II with Prejudice, filed by Defendants Unicity Solar Energy, LLC, SPF Construction and Development, Inc., Matthew Selby, and Jordan Richardson on May 20, 2020. (Doc. # 14). On May 21, 2020, Defendant South East Personnel Leasing, Inc. filed a Motion joining in the other Defendants' Motion. (Doc. # 16). The Motions are granted.

**I.   Background**

On April 27, 2020, Plaintiff Donny Poelvoorde filed a complaint against his former employers, alleging three causes

1

of action: (1) violation of the overtime provisions of the Fair Labor Standards Act (FLSA) (Count I); (2) a purported collective action for violation of the FLSA's overtime provisions (Count II); and (3) an FLSA retaliation claim (Count III). (Doc. # 1).

The Defendants now request that the complaint be dismissed and the parties be directed to arbitrate their dispute in accordance with the arbitration agreement attached to the Motion. (Doc. # 14-1). They also request that Count II of the complaint be dismissed with prejudice because Poelvoorde waived his right to file a collective action in the arbitration agreement. Poelvoorde does not oppose the relief requested by Defendants. (Doc. # 14 at 5).

## II. Discussion

Under both federal and Florida law, in order to compel arbitration, a court must find (1) there is an enforceable agreement to arbitrate; (2) plaintiff's claims fall within the scope of the agreement and are arbitrable; and (3) the right to arbitrate has not been waived. Sims v. Clarendon Nat'l Ins. Co., 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004); Hospicecare of S.E. Fla., Inc. v. Major, 968 So.2d 773, 774 (Fla. 4th DCA 2007). Here, the parties agree that each of

these requirements has been met. Accordingly, the Court will compel arbitration.

As to Count II, the parties also agree that the arbitration agreement bars Poelvoorde from bringing a collective action. Paragraph 11 of the arbitration agreement provides in pertinent part that Poelvoorde "waive[s] the right to commence or be party to any group, class or collective action claim . . . in arbitration or any other forum arising out of, related to, or in connection with any aspect of [his] employment and separation." (Doc. # 14-1 at 1). Further, any claim brought by Poelvoorde "will be heard on an individual basis without consolidation of such claim with any other person's or entity's claim." (Id.). Accordingly, the Court will dismiss Count II with prejudice.

All that remains is for the Court to determine whether this action should be stayed or dismissed. See Lambert v. Austin Ind., 544 F.3d 1192, 1195 (11th Cir. 2008) (when arbitration is appropriate, district courts must either stay or dismiss a lawsuit). Section III of the Federal Arbitration Act (FAA) provides that, once a court is satisfied that the issue involved in the lawsuit should be referred to arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration

3

has been had[.]" 9 U.S.C. § 3. Nevertheless, district courts in this Circuit will dismiss the case, instead of issuing a stay, where all claims are subject to arbitration. See Valiente v. Holiday CVS, LLC, No. 20-CV-20382, 2020 WL 2404701, at *2 (S.D. Fla. May 12, 2020) (collecting cases).

Here, none of the parties has requested that the case be stayed pending arbitration and, indeed, it appears that they wish for dismissal. See (Doc. # 14 at 2)("The Complaint Should be Dismissed and the Parties Shall be Ordered to Arbitrate their Dispute."). Under these circumstances, dismissal is appropriate.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Defendants' Unopposed Motion to Compel Arbitration and Dismiss Count II with Prejudice (Doc. # 14) and Defendant South East Personnel Leasing, Inc.'s Motion to Dismiss, Joining in Defendants' Unopposed Motion (Doc. # 16) are **GRANTED.**

(2) Count II of the complaint is dismissed with prejudice.

(3) The parties are ordered to proceed to arbitration on the remaining claims in accordance with the terms of the arbitration agreement between them.

(4) The Clerk shall terminate all pending motions and deadlines and thereafter **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of May, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE